HELENE M. BEAUMONT, Respondent-Appellant, *v.* PENNSYLVANIA RAILROAD COMPANY et al., Appellants-Respondents.

First Department, June 21, 1954.

*Paul D. Compton* of counsel (*Robert T. Dawson* with him on the brief; *Rein, Mound & Cotton,* attorneys), for respondent-appellant.

*Edward F. Butler* of counsel (*Conboy, Hewitt, O'Brien & Boardman,* attorneys), for appellants-respondents.

COHN, J. These cross-appeals involve the question of whether interstate railroads can by their tariffs limit their liability for

loss of passenger baggage to passenger's declared value thereof, and whether they may prohibit the inclusion of jewelry in passenger baggage and exempt themselves from liability for such carriage.

The stipulated facts are as follows: On May 19, 1945, at West Palm Beach, Florida, plaintiff by her agent checked through with defendant Florida East Coast Railway Company as the initial carrier nine trunks containing plaintiff's property as baggage on four first-class passenger tickets for transportation to New York City. The trunks arrived at their destination on May 21, 1945, defendant Pennsylvania Railroad Company being the final carrier. On May 25, 1945, when plaintiff made demand for her trunks in New York City, it was discovered that two could not be found. Defendants were unable to account for their loss. The two missing trunks contained property belonging to plaintiff worth $55,839.50, consisting of jewelry valued at $39,152.50, and wearing apparel valued at $16,687.

At the time the trunks were checked with defendant Florida East Coast Railway Company at West Palm Beach, plaintiff's agent signed a baggage declaration in which $400 was specifically declared to be the valuation of all nine trunks, calculated at the rate of $100 for each of the four passenger tickets. This declaration specifically provided that in the event of a loss any recovery would be limited to $100 for each of the four tickets or prorated in case of partial loss. Plaintiff's agent paid no additional valuation charge although the declaration permitted additional insurance up to a maximum of $2,500 per ticket upon the payment of an extra charge. Plaintiff, if she chose, could have declared a total valuation up to $10,000, i.e., $2,500 for each of the four tickets. Instead she elected to take the minimum valuation and thus avoided paying any excess valuation charges.

The tariff covering the shipment involved was Tariff No. 15, I. C. C. No. H-4459; it had been filed with the Interstate Commerce Commission and kept open for public inspection in compliance with section 6 of the Interstate Commerce Act (U. S. Code, tit. 49, § 6).

After trial without a jury plaintiff was awarded a judgment of $84,634.21, which represented the loss claimed plus interest and costs.

The complaint contains ten causes of action.

The first cause of action against Florida East Coast Railway Company and its trustees, alleges that said defendants received and agreed to transport plaintiff's nine trunks containing her

property to New York City. The third cause of action differs from the first only in that it is there alleged that plaintiff's nine trunks were received by said defendants " as baggage ". The second and fourth causes of action are identical with the first and third except that they are against defendant Pennsylvania Railroad Company. The fifth through the tenth causes of action, inclusive, which were dismissed — from which dismissal plaintiff appeals — alleged liability against defendant Pennsylvania Railroad Company alone, predicated upon theories of bailment and conversion.

Defendants' answers interposed three defenses, only two of which are involved in this appeal. The first alleged that under the railroads' tariffs, filed as required by law with the Interstate Commerce Commission covering this shipment, jewelry " must not be enclosed in baggage to be checked " and that " the carriers * * * will not be responsible for such articles enclosed in baggage " (Tariff Rule 4 [d]), such prohibited property, if included in baggage, to be " entirely at the risk of the passenger or owner." (Tariff Rule 9.) The other was a partial defense alleging that under Tariff Rule 10 (a), baggage not exceeding $100 in value " may be checked without additional charge for each adult passenger " and that under Tariff Rule 11 (d) a passenger not declaring a greater valuation would be bound by the $100 value but allowing the passenger to obtain additional insurance coverage up to a maximum of $2,500 for each ticket by declaring a greater valuation and paying an additional charge.

The trial court dismissed defendants' defenses for insufficiency holding that the jewelry exclusion provision contravened section 20 (subd. [11]) of the Interstate Commerce Act (U. S. Code, tit. 49, § 20, subd. [11]) which statute prohibited and declared void any attempt by a railroad to regulate, limit or exempt itself from liability, and that the limited liability provision contained in plaintiff's baggage declaration was invalid because the carrier had not made available to the plaintiff-shipper a choice of rates so that the passenger could have secured full value coverage by payment of a higher rate. In so ruling, we think that the learned Justice at Trial Term erred.

Section 20 (subd. [11]) of the Interstate Commerce Act provides that any interstate carrier " shall be liable * * * for any loss, damage or injury to such property caused by it * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier * * * from the liability hereby imposed ".

However, that same section also specifically provides that the " provisions  *  *  * respecting liability for full actual loss *  *  * notwithstanding any limitation of liability  *  *  * and declaring any such limitation to be unlawful  *  *  * *shall not apply  *  *  * to baggage carried on passenger trains* ". (Emphasis ours.)  This latter exclusion provision permits a carrier to limit its liability with respect to baggage.  Accordingly, defendants' tariffs limiting their liability with respect to baggage carried on a passenger train did not conflict with the Interstate Commerce Act, but were in full accord with it. (*Boston & Maine Rd.* v. *Hooker*, 233 U. S. 97, 116; *National Baggage Committee* v. *Atchison T. & S. F. Ry. Co.*, 32 I. C. C. 152.)

The " baggage " covered by section 20 (subd. [11]) refers to property checked as was that of plaintiff's with the carrier for transportation on a passenger ticket.  A passenger's luggage not so checked falls within the category of other property.  This was pointed out by the Supreme Court of the United States in *New York, N. H. & H. R. Co.* v. *Nothnagle* (346 U. S. 128 [1953]), where the court expressly recognized the difference in statutory treatment between baggage and other property.

It is not denied that for more than forty years carriers have been handling baggage under tariff rules duly filed giving passengers a choice of rates dependent upon value up to a valuation of $2,500 and excluding from baggage service property valued in excess of that amount.  The adoption of such rules is authorized by sections 1 (subd. [6]) and 6 of the Interstate Commerce Act (U. S. Code, tit. 49, § 1, subd. [6], § 6). Under section 15 of that act (U. S. Code, tit. 49, § 15) such rules are subject to challenge only before the Interstate Commerce Commission either on its own motion or upon complaint to review the reasonableness of such regulations or classifications. (*Great Northern Ry.* v. *Merchants Elev. Co.*, 259 U. S. 285, 291.) Unless the Interstate Commerce Commission holds that such rules are unreasonable they remain binding upon carrier and passenger alike with the force of statute.  (*Lowden* v. *Simonds Grain Co.*, 306 U. S. 516; *Pennsylvania R. R. Co.* v. *International Coal Co.*, 230 U. S. 184, 197.)

A carrier also has a right, subject to Commission review as to reasonableness, to adopt tariff rules excluding articles of high intrinsic value from rail service and absolving itself from responsibility therefor when shipped contrary to the rules.  The tariff rules at issue here excluding jewelry from baggage service are within this category.

Plaintiff was prohibited by Tariff Rule 4 (d) from shipping jewelry in baggage and did so entirely at her own risk. Such a provision excluding certain property completely from transportation has been held not to constitute a limitation provision and therefore to be perfectly valid. Since the Interstate Commerce Commission has determined that a tariff provision identical with the instant one was effective to prevent recovery for jewelry wrongfully included in baggage (*Jones* v. *Long Island R. R. Co.,* 74 I. C. C. 238, 240), there can be no question of the reasonableness of these tariff provisions.

In determining that the limitation of liability provision was invalid, the trial court relied upon the language employed in *Hartzberg* v. *New York Central R. R. Co.* (181 Misc. 129, affd. 268 App. Div. 904, affd. 295 N. Y. 703, certiorari denied 328 U. S. 849) where the baggage was lost before it was checked and before any value had been declared. The main point litigated there was whether the limitation of liability provisions of the interstate tariff were applicable in view of the fact that the baggage was lost before it had been checked on the passenger's ticket and before he had an opportunity to declare any value. The trial court held that the trunk was in interstate transportation when accepted at the baggage room and subject to the provisions of the interstate baggage tariff which specified a valuation of $100 in the absence of a declaration in excess of that amount. With respect to limitation of liability under the Interstate Commerce Act plaintiff there argued that the $2,500 ceiling on declared value in the baggage tariff deprived him of a choice of rates with the opportunity to declare full value. The court found it unnecessary to rule on this point because it decided that the sample trunk could have been shipped as freight and that the freight tariff made express provision for declaring up to full value upon the payment of graduated freight charges. That portion of the opinion (pp. 135, 136) which appeared to accept the premise that limitation of liability in the case of baggage depends upon a choice of rates up to its full value was dictum. The cases cited by the court in support of the dictum involved freight shipped under freight tariffs, and did not relate to passengers' baggage.

We find that section 20 (subd. [11]) of the Interstate Commerce Act (U. S. Code, tit. 49), specifically excepts "baggage" from full value coverage and permits carriers to limit their liability with respect to property carried as baggage and permits them to prohibit the inclusion in baggage of certain kinds of

property of high intrinsic value. Plaintiff's jewelry, valued at $39,152.50, was effectively excluded by defendants' tariffs from transportation and its inclusion and subsequent loss were entirely at the risk of plaintiff. It would be contrary to every principle of justice and reason to hold a carrier of baggage liable for any fantastic baggage claim where as here the carrier is completely uninformed as to the value of the contents of the shipment.

Finally, as to the balance of plaintiff's property included in her trunks, plaintiff, through her agent, saw fit voluntarily to choose the minimum valuation of $400 instead of the highest of $10,000, and thus avoided paying any excess valuation rates. Whether or not she intended to misrepresent to the carriers makes little difference so far as defendants are concerned, since in either event the consequence has been to deprive the carriers of compensation in accordance with their rates. In these circumstances, plaintiff is estopped to assert a valuation greater than the $400 declared by her agent. (*Hart* v. *Pennsylvania R. R. Co.,* 112 U. S. 331, 340; *Adams Express Co.* v. *Croninger,* 226 U. S. 491, 510.) The correct principle in such case is well stated in *Caldwell* v. *United States Express Co.* (36 Pa. Superior Ct. 465, 472–473): '' We may concede, as an abstract legal proposition, that where a shipper, without any intention to defraud, but through ignorance, carelessness, or other like cause, so prepares his valuable goods for shipment, as to delude even the reasonably careful agents of the carrier into the belief they are not of any especial value, he may not afterwards recover such especial value in case of loss. This is founded in reason and justice because such conduct, on the part of a shipper, even though not immoral because not consciously wrong, results in the same injurious consequences to the carrier, as if it had been the offspring of an intention to defraud, ' for it goes to deprive the carrier of the compensation he is entitled to, in proportion to the value of the article intrusted to his care and the consequent risk he incurs; and it tends to lessen the vigilance the carrier would otherwise bestow:' Relf v. Rapp, 3 Watts & S. 21.'' Not having declared the full $2,500 value on each ticket, plaintiff is not even in a position to raise the question as to whether defendants' rates had deprived her of obtaining full coverage.

As to plaintiff's appeal, the court properly dismissed the fifth to tenth causes of action, inclusive, alleging liability of defendant Pennsylvania Railroad on theories of breach of a bailment contract and conversion, since at the time of the loss, the baggage

was in said defendant's possession as an incident to an interstate transportation agreement, and consequently the terms of the contract of carriage and the tariffs apply.

For the foregoing reasons the judgment in plaintiff's complaint should be modified to the extent of reducing the judgment to $400 plus interest and as so modified the judgment should be affirmed, with costs to defendants. Settle order.

PECK, P. J., BREITEL, BASTOW and BOTEIN, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the defendants. Settle order on notice.